Richard L. Richards   #043000
_____
Name and Prisoner/Booking Number

ASPC - Tucson   4-B-12
_____
Place of Confinement

PO Box 24403
_____
Mailing Address

Tucson, Arizona 85734
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌─────────────────────────────────┐
│ ✓ FILED        ____ LODGE        │
│ ✓ RECEIVED     ____ COPY         │
│  ┌───────────────────────┐       │
│  │    SEP 1 0 2007        │       │
│  └───────────────────────┘       │
│   CLERK U.S. DISTRICT COURT       │
│     DISTRICT OF ARIZONA           │
│ BY_____ A DEPUTY       │
└─────────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Richard L. Richards
_____,  )
(Full Name of Petitioner)          )
                      Petitioner,  )
                                   )
          vs.                      )  CASE NO. _____
                                   )    (To be supplied by the Clerk)
Dora B. Schriro                    )
_____,  )
(Name of the Director of the Department of  )
Corrections, Jailor or authorized person having  )
custody of Petitioner)             )
                                   )
                      Respondent,  )
                      and          )
The Attorney General of the State of _Arizona_,  )
                                   )
          Additional Respondent.   )
_____    )

**CIV 07   450 TUC CKJ**

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
         Pima County Superior Court -- Tucson, Arizona
    _____
    _____

    (b)  Criminal docket or case number: _____CR-59903_____

2.  Date of judgment of conviction: _____August 2, 1999    Resentenced: March 19, 2007_____

3.  In this case, were you convicted on more than one count or crime?    Yes ☒    No ☐

**530**

MR

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _____
   Count 1, Attempted Second Degree Murder; Count 2, Aggravated Assault on a Peace Officer;
   Count 3, Aggravated Assault on a Peace Officer; Count 4, Engangerment (subsequently
   vacated); Count 5, Resisting Arrest

5. Length of sentence for each count or crime for which you were convicted in this case: _____
   Following resentencing in March 2007: Count 1, 10 years; Count 2, 10 years concurrent
   with Count 1; Count 3, 10 years consecutive to Counts 1 and 2; Count 4, 3 year
   sentence subsequntly vacated; Count 5, 1 year concurrent with Count 3

6. (a) What was your plea?
   Not guilty                          ☒
   Guilty                              ☐
   Nolo contendere (no contest)        ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge,
   give details: _____NA_____
   _____
   _____
   _____

   (c) If you went to trial, what kind of trial did you have? (Check one)      Jury ☒      Judge only ☐

7. Did you testify at the trial?      Yes ☒      No ☐

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☒   No ☐

   If yes, answer the following:

   (a) Date you filed: _____January 24, 2002  (Direct appeal stayed pending Rule 32)_____

   (b) Docket or case number: ____2-CA-CR-1999-0355_____

   (c) Result: _____Count 4 vacated and resentencing ordered on other Counts_____

   (d) Date of result: __July 5, 2002_____

   (e) Grounds raised: __The preclusion of reliable scientific evidence in support of
   __theory of defense was error; sufficiency of the evidence with respect to one
   __Count of aggravated assault and endangerment count; failure to investigate jury
   __bias on the part of the Court denied Mr. Richards right to fair trial; 31 year sentence
   __was excessive and abuse of discretion     (Opening Brief and Memorandum Decision
   __attached).
   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9. Did you appeal to the Arizona Supreme Court?        Yes ☒        No ☐

If yes, answer the following:

(a) Date you filed: _____ August 10, 2005 _____

(b) Docket or case number: _____ CR-05-0330-PR _____

(c) Result: ___ Petition for Review Denied _____

(d) Date of result: ___ February 7, 2006 _____

(e) Grounds raised: _____ Whether the Court of Appeals erred in finding that Petitioner
had not adequately disclose defense of character trait of impulsivity to negate
the proof of mens rea, thereby waiving claim that trial court erroneously suppressed
expert testimony; sufficiency of evidence with respect to assault on one of the
police officers    (Petition for Review Attached).
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐      No ☒

If yes, answer the following:

(a) Date you filed: _____

(b) Docket or case number: _____

(c) Result: _____

(d) Date of result: _____

(e) Grounds raised: _____
_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☒        No ☐

If yes, answer the following:

(a)  First Petition.

    (1) Date you filed: _____ September 27, 2000 _____

    (2) Name of court: _____ Pima County Superior Court _____

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): __ Rule 32 _____

    (4) Docket or case number: _____ CR-59903 _____

    (5) Result: _____ Relief denied _____

    (6) Date of result: _____ January 21, 2004 (following remand from Court of Appeals)

    (7) Grounds raised: _____ Denial of due process due to prosecutorial misconduct in
State's witholding key evidence and making false statements about such evidence
to the Court; ineffective assistance of counsel due to failure to cross-examine
or present testimony relevant to the issue of Petitioner's intent to pull trigger;
ineffective assistance of counsel by failing to present evidence to jury that
was promised to jury in opening statement; failure to present medical evidence
in the form of live witnesses testimony; denial of due process where state
mislead defense by providing inaccurate transcript; failure to move for mistrial;
failure to cross-examine accusers regarding conflicting testimony;
failure to locate and present testimony which would have established
that there was no reasonable suspicion for stop of Petitioner's vehicle
(Rule 32 Petition Attached)

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(b)  Second Petition.

    (1) Date you filed: _____

    (2) Name of court: _____

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4) Docket or case number: _____

    (5) Result: _____

    (6) Date of result: _____

    (7) Grounds raised: _____
_____
_____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(c)  Third Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

<u>Arizona Court of Appeals:</u>           <u>Arizona Supreme Court:</u>

    (1)  First petition:   Yes ☑    No ☐        Yes ☑    No ☐

    (2)  Second petition: Yes ☐    No ☐        Yes ☐    No ☐

    (3)  Third petition   Yes ☐    No ☐        Yes ☐    No ☐

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

    <u>**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** _____

~~Petitioner's Sixth Amendment right to Counsel was violated where trial counsel failed to investigate and introduce medical testimony that would have supported the defense theory that as a result of his medical injuries and disabilities he was suffering from extreme pain and breathlessness and therefore his actions were only intended to relieve his suffering and not to cause harm to the officer.~~

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

~~Petitioner was physically disabled at the time of his trial.   His fall from the Chiracahua Mountains created life-long, permanent physical disabilities.   Trial counsel knew about Mr. Richards' medical problems before she was appointed to defend him due to their prior consultation and her discussions with his personal injury attorney.  Knowledge of Mr. Richards' physical disabilities obviously took root in Meade's theory of defense.  Ms. Meade promised in her opening statement to rebut this contention. However, Ms. Meade failed to present adequate affirmative evidence in support of Mr. Richards' defense. Ms. Meade's submission of medical records is clearly not a substitute for the testimony of live experts because the medical records do not at all establish the medical disability caused by the injuries Mr. Richards sustained. After speaking with Mr. Goar, Ms. Meade should have known to interview the physical therapists and Dr. Lowell, Mr. Richards' surgeon. Evidence adduced at the state evidentiary hearing supports this claim.~~

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☒       No ☐

(c) If yes, did you present the issue in a:
   Direct appeal          ☐
   First petition          ☒
   Second petition        ☐
   Third petition         ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____
_____
_____
_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☒       No ☐

**GROUND TWO:** Petitioner's Fifth and Fourteenth Amendment right to a fair trial, and right to disclosure of exculpatory evidence under *Brady,* was violated where the State engaged in prosecutorial misconduct by concealing the existence and condition of the weapon critical to the case against Mr. Richards.

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

~~The condition of the weapon at trial supported Petitioner's theory of the defense: unintentional discharge. The true whereabouts of the weapon were not discovered by the defense until after the verdict.  The State committed misconduct by~~ *not disclosing the property invoice sheet* ~~in the control of a detective that clearly indicated that the whereabouts of the gun.  In an interview conducted prior to trial, a detective~~ *untruthfully stated that the gun had been given to the departmental armorer or crime lab who test fired it and the returned it to the officer.* ~~Prior to Mr. Richards' second trial, trial counsel attempted to locate the weapon.  Trial counsel was~~ *untruthfully told that the gun had been released and returned to the officer.* In preparation for the second trial, and directly relating to the State's concealment of the actual weapon, the State gave Mr. Richards a model number for the gun to allow his expert to examine a similar weapon.  However, *the model number given was incomplete and misleading.*  This caused Mr. Richards' firearm expert to examine a weapon with an entirely different configuration than the actual weapon.  The expert's testing of the wrong weapon allowed the State to impeach and discredit the expert.  On the eve of trial, trial counsel requested that the State produce Huber's gun.  The State *untruthfully represented to the Court that it had been returned to Officer Huber.  At trial, a detective testified untruthfully under oath that the weapon had been returned to the armorer.* Once the weapon was discovered, a defense expert was able to examine the evidence in this case.  The expert subsequently testified that from the scratches on the gun one is able to find out about the direction in which the gun was moving.  He testified that there were numerous factors that supported the defendant's theory of unintentional discharge.

(b)  Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☒      No ☐

(c)  If yes, did you present the issue in a:
        Direct appeal          ☐
        First petition          ☒
        Second petition        ☐
        Third petition          ☐

(d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____

_____

_____

(e)  Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☒      No ☐

**GROUND THREE:** Petitioner's Fifth, Sixth and Fourteenth Amendment due process right were violated by the State's disclosure of an inaccurate transcript which was relied upon by the defense. In addition, trial counsel was ineffective for failing to move for a mistrial based upon this misconduct.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Sandra Hammond, a civilian witness was present at the scene on the day of the incident, January 8, 1998. Ms. Hammond was both a key eyewitness for the State, as well as an alleged victim. Ms. Hammond's statement regarding the incident was recorded by Detective Olivas and transcribed by the State. The interview was given in Spanish. The transcript of the interview contained inaccuracies. Instead of giving trial counsel notice of the inaccuracies prior to trial, the State waited until Ms. Meade committed to the statement in her opening argument to the jury before notifying the court of the inaccuracies. Ms. Meade's credibility with the jury was negatively affected by the State's notice and her ability to use the transcript to the defense's advantage was destroyed. Ms. Meade's trial strategy was to show Ms. Hammond's bias and mendacity based on her transcript. However, the State's notice, after the fact, that the transcript was inaccurate eliminated Ms. Meade's ability to use the transcript for impeachment purposes. The trial court recognized that defense counsel had significantly relied on the erroneous transcript in giving her opening statement. Although the error and the damage to the defense's credibility had been created solely by the State, Ms. Meade did not move for a mistrial, which would have been granted based upon the State's misconduct.

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☒    No ☐

(c) If yes, did you present the issue in a:
Direct appeal            ☐
First petition           ☒
Second petition          ☐
Third petition           ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☒    No ☐

8

**GROUND FOUR:** _____ Petitioner's Fifth, Sixth and Fourteenth Amendment due process right were violated by trial counsel failure to investigate and move for the suppression of evidence based upon the illegal stop of the petitioner. _____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.): Trial counsel failed to locate or interview City of Tucson maintenance employees who were present just prior to Petitioner's altercation with Officers Sallaway and Huber and who would establish that the Defendant was driving on a city maintained road, thus nullifying Officer Sallaway's stated justification for stopping the Defendant, for off-road driving.  This fact alone establishes that the Officer's stop was per se invalid.  Ms. Meade's failure to locate and interview the city workers to investigate this critical portion of the case is ineffective assistance of counsel.  The trial court ruled instead that Ms. Meade's decision to not contact the city workers was, again, a matter of trial strategy.  This was not a reasonable trial strategy.

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☒   No ☐

(c) If yes, did you present the issue in a:

Direct appeal      ☐
First petition      ☒
Second petition    ☐
Third petition      ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: _____
_____
_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐    No ☒

9

**GROUND FIVE:**

Petitioner's Fifth, Sixth and Fourteenth Amendment right to a fair trial and impartial jury were violated by the trial court's failure to timely address the issue of juror bias.

**SUPPORTING FACTS:**

The trial court was notified before opening statements that a juror knew one of the victim's wife. In fact, the juror had spoken with the victim's wife in the courthouse elevator. The Court never addressed Juror Yellowhair's association and possible bias until after the trial. Shortly before petitioner's sentencing, the court conducted a brief and leading telephonic interview with Juror Yellowhair. The court never placed the juror under oath. In short, it was fundamentally unfair to rehabilitate Juror Yellowhair's impartiality through leading questions at a stage in the criminal proceedings where the petitioner had no opportunity to investigate her bias.

**This issue was raised before the Court of Appeals in a Petition for Review. This issue was not presented to the Arizona Supreme Court.**

**GROUND SIX:**

Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated by trial counsel's failure to secure evidence in support of Petitioner's theory of the case.

**SUPPORTING FACTS:**

Trial counsel failed to challenge critical evidence. In short, she failed to, 1) use a qualified and competent forensic firearms expert, 2) have the firearms expert measure trigger pull, and 3) investigate Mr. Richard's defense of unintentional discharge. In order for Ms. Meade to provide effective assistance of counsel she had to present evidence of Mr. Richard's theory of the defense. The defense theory of unintentional discharge called for an adequate and competent expert who could examine the gun in order to verify the theory. Mr. Gilbert was not a qualified forensic expert who could provide an adequate examination of the gun. Ms. Meade rendered ineffective assistance of counsel when she failed to have Mr. Gilbert test trigger pull on the firearm. In order to establish the key component of Mr. Richard's defense, that the gun was unintentionally discharged, Mr. Gilbert would have had to measure the trigger pull of the correct firearm. The court erred in finding that this was simply a matter of trial strategy. It was Ms. Meade's trial strategy to present an expert to attempt to establish Mr. Richard's defense.

However, having chosen that strategy, she ineffectively rendered assistance by choosing an unqualified expert who performed inadequate testing.  Due to Ms. Meade's failure to locate the weapon, select a competent expert and to investigate the critical theory of an unintentional discharge, Mr. Richards has suffered substantial prejudice.  Subsequent defense examination revealed that if the theory had been properly investigated and supported by a qualified expert who examined the actual gun, a jury could have considered the forensic evidence gleaned from the gun itself and the physiological mechanisms of unintentional discharges and concluded that Mr. Richards did <u>not</u> pull the trigger intentionally.

**This issue was raised before the Court of Appeals in a Petition for Review.  This issue was presented to the Arizona Supreme Court.**

**GROUND SEVEN:**

Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated by trial counsel's failure to effectively examine key witnesses for the State.

**SUPPORTING FACTS:**

Trial counsel was aware of conflicts in the testimony of the main witnesses against the Petitioner.  Nevertheless Officer Huber, Officer Sallaway and Ms. Hammond all give conflicting accounts in the second trial, and Ms. Meade failed to confront them regarding the conflicts with each other and between their successive versions.  Trial counsel failed to confront witnesses on conflicting statements with respect to Mr. Richard's position on the ground, his use of a cane, which hand held the gun, where the gun was pointed, whether the gun was on the ground when it was fired, whether Mr. Richards was yelling during the struggle, whether Mr. Richards was struck on the head, the length of the incident or whether back-up was called.  These inconsistencies could have undermined the credibility of these witnesses.

**This issue was raised before the Court of Appeals in a Petition for Review.  This issue was not presented to the Arizona Supreme Court.**

**GROUND EIGHT:**

Petitioner's Fifth and Fourteenth Amendment right to a fair trial was violated by the trial court's order preventing him from presenting expert evidence in his defense.

**SUPPORTING FACTS:**

In the instant case, Petitioner sought to introduce QEEG brain-mapping evidence through an expert witness to support his position that he did not act with the specific intent that the State

alleged. The trial court's failure to consider the unchallenged evidence of this expert's reliability and its reliance on outdated Arizona case law to preclude such evidence, deprived the Petitioner of his federal constitutional right to support his defense and present evidence in his defense.

**This issue was raised before the Court of Appeals in a Petition for Review. This issue was presented to the Arizona Supreme Court.**

**GROUND NINE:**

Petitioner's Fifth and Fourteenth Amendment right to a fair trial were violated because there was constitutionally insufficient evidence presented to sustain one of the convictions for aggravated assault.

**SUPPORTING FACTS:**

Aggravated assault of a deadly weapon requires that the defendant intentionally place another person in reasonable apprehension of imminent physical injury. In the instant case, Petitioner had possession of the gun for only a matter of seconds. By all accounts, Officer Sallaway was behind him and Mr. Richards was focused on his struggle with Officer Huber. Huber immediately grabbed the gun and forced it down and away. Petitioner did not point, or attempt to point the gun at Sallaway. He made no threatening moves directed at Sallaway, nor did he make any threatening comments toward Sallaway.

**This issue was raised before the Court of Appeals in a Petition for Review. This issue was presented to the Arizona Supreme Court.**

**PETITIONER RESERVES THE RIGHT TO SUPPLEMENT THESE CLAIMS WITH A MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING EXHIBITS.**

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging? Yes ☐          No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?      Yes ☐          No ☒

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

    (b)  Date that the other sentence was imposed: _____

    (c)  Length of the other sentence: _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐          No ☐

10

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

Mr. Richards contends that his judgement of conviction became final after the time expired for seeking review of his conviction following his resentencing on March 19, 2007.

*Section 2244(d) provides in part that:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____

Granting of the writ of habeas corpus: reversal of remaining convictions and remand to the state trial court for new trial.

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


   I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____
**Signature of Petitioner**


_____                     9/4/2007
**Signature of attorney, if any**                          Date

11

## **ATTACHMENTS TO PETITION FOR WRIT OF HABEAS CORPUS**

A.   OPENING BRIEF ON DIRECT APPEAL

B.   MEMORANDUM DECISION OF THE ARIZONA COURT OF APPEALS

C.   PETITION FOR REVIEW IN THE ARIZONA SUPREME COURT

D.   RULE 32 PETITION FOR POST-CONVICTION RELIEF

E.   INITIAL TRIAL COURT MINUTE ENTRY DENYING POST-CONVICTION RELIEF

F.   PETITION FOR REVIEW OF DENIAL OF POST-CONVICTION RELIEF

G.   MOTION FOR RECONSIDERATION

H.   REMAND DECISION OF THE COURT OF APPEALS FOLLOWING MOTION FOR RECONSIDERATION

I.   TRIAL COURT MINUTE ENTRY DENYING POST-CONVICTION RELIEF FOLLOWING REMAND AND EVIDENTIARY HEARING

J.   PETITION FOR REVIEW

K.   ARIZONA COURT OF APPEALS ORDER DENYING REVIEW

ATTACHMENT A

IN THE COURT OF APPEALS

STATE OF ARIZONA

DIVISION TWO

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | No.  2 CA-CR 99-0355 |
| | ) | 2 CA-CR 01-0280-PR Cons. |
| Appellee, | ) | |
| | ) | DEPARTMENT B |
| | ) | |
| vs. | ) | (Pima County Superior |
| | ) | Court Cause No. CR-59903) |
| RICHARD LEE RICHARDS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| _____ | ) | |

---

## APPELLANT'S OPENING BRIEF

---

Law Offices
PIMA COUNTY PUBLIC DEFENDER

LORI J. LEFFERTS
Assistant Public Defender
32 N. Stone, 4th Floor
Tucson, Arizona 85701
State Bar No. 010343
Law Firm No. 0069100

ATTORNEY FOR APPELLANT

## TABLE OF CONTENTS

PAGES

TABLE OF CASES AND AUTHORITIES  . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUES  . . . . . . . . . . . . . . . . . . . . . . . . 8

    1.    Whether the trial court's preclusion of reliable scientific evidence, accepted in the scientific community, on *FRYE* grounds, in the absence of any evidence to the contrary, and without conducting a *FRYE* hearing, was error.

    2.    Whether the evidence was sufficient to support a conviction on the charges of aggravated assault (Sallaway) and endangerment.

    3.    Whether the trial court's failure to timely investigate the possible bias of a juror until after the verdict denied Richards his right to a fair and impartial jury.

    4.    Whether the imposition of consecutive sentences, resulting in a term of 31 years, was an abuse of discretion, and excessive under the circumstances.

ARGUMENT I

THE TRIAL COURT'S PRECLUSION OF RELIABLE SCIENTIFIC EVIDENCE, ACCEPTED IN THE SCIENTIFIC COMMUNITY, ON *FRYE* GROUNDS, IN THE ABSENCE OF ANY EVIDENCE TO THE CONTRARY, AND WITHOUT CONDUCTING A *FRYE* HEARING, WAS ERROR.  . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT II

    THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION ON THE CHARGES OF AGGRAVATED ASSAULT (SALLAWAY) AND ENDANGERMENT, THEREFORE THE TRIAL COURT ERRED BY FAILING TO DIRECT A VERDICT OF ACQUITTAL AS TO THOSE CHARGES. . . . . . . . . . . . . . . . 15

ARGUMENT III

    THE TRIAL COURT'S FAILURE TO TIMELY INVESTIGATE THE POSSIBLE BIAS OF A JUROR UNTIL AFTER THE VERDICT DENIED RICHARDS HIS RIGHT TO A FAIR AND IMPARTIAL JURY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

ARGUMENT IV

    THE IMPOSITION OF CONSECUTIVE SENTENCE, RESULTING IN A PRISON TERM OF 31 YEARS, WAS AN ABUSE OF DISCRETION, AND EXCESSIVE UNDER THE CIRCUMSTANCES OF THIS CASE.    . . . . . . . . . . . . . . . . 26

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . 31

# TABLE OF CASES AND AUTHORITIES

CASES                                                      PAGES

**Frye v. United States**
293 F. 1013 (D.C. Cir. 1923)  . . . . . . . . . . . . . . . . . . . 3, 9, 11, 12

**In the Matter of the Appeal
in Pima County Juvenile Action**
143 Ariz. 254
693 P.2d 909 (1984) . . . . . . . . . . . . . . . . . . . . . . . . 17

**In re William G.**
192 Ariz. 208
963 P.2d 287 (App. 1997) . . . . . . . . . . . . . . . . . . . . . 15

**Jackson v. Virginia**
443 U.S. 3078 (1979) . . . . . . . . . . . . . . . . . . . . . . 15, 16

**Maricopa County Juvenile
Action No. JT9065297**
181 Ariz. 69
887 P.2d 599 (App. 1994) . . . . . . . . . . . . . . . . . . . . . 15

**Rushen v. Spain**
464 U.S. 114 (1983) . . . . . . . . . . . . . . . . . . . . . . . 23

**State v. Anaya**
165 Ariz. 535
799 P.2d 876 (App. 1990) . . . . . . . . . . . . . . . . . . . . . 18

**State v. Bible**
175 Ariz. 549
858 P.2d 1181 (1993) . . . . . . . . . . . . . . . . . . . . . . . 9

**State v. Chapple**
135 Ariz. 281
660 P.2d 1208 (1983) . . . . . . . . . . . . . . . . . . . . . . . 9

*State v. Cook*
170 Ariz. 40
821 P.2d 731 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*State v. DePiano*
187 Ariz. 27
926 P.2d 494 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*State v. Doss*
192 Ariz. 408
966 P.2d 1012 (App. 1998) . . . . . . . . . . . . . . . . . . . . . . . 18

*State v. Fillmore*
187 Ariz. 174
927 P.2d 1303 (App. 1996) . . . . . . . . . . . . . . . . . . . . . . . 25

*State v. Garcia*
197 Ariz. 79
3 P.3d 999 (App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Garza*
192 Ariz. 171
962 P.2d 898 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*State v. Henley*
141 Ariz. 465
687 P.2d 1220 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*State v. Hughes*
193 Ariz. 72
969 P.2d 1184 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*State v. Hummert*
188 Ariz. 119
933 P.2d 1187 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*State v. Jones*
125 Ariz. 417
610 P.2d 51 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*State v. Mathers*
165 Ariz. 64
796 P.2d 866 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

iv

*State v. Medina*
193 Ariz. 504
975 P.2d 94 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*State v. Morgan*
127 Ariz. 362
625 P.2d 951 (App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 18

*State v. Plew*
155 Ariz. 44
745 P.2d 102 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*State v. Purcell*
199 Ariz. 319
18 P.3d 113 (App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 23

*State v. Richards*
166 Ariz. 576
804 P.2d 109 (App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*State v. Roberts*
138 Ariz. 230
673 P.2d 974 (App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . 15

*State v. Rojas*
177 Ariz. 454
868 P.2d 1037 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*State v. Salman*
182 Ariz. 359
897 P.2d 661 (App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 17

*State v. Tison*
129 Ariz. 546
633 P.2d 355 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*State v. Zimmerman*
166 Ariz. 325
802 P.2d 1024 (App. 1990) . . . . . . . . . . . . . . . . . . . . . 10, 11

*Swain v. Alabama*
380 U.S. 202 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

ARIZONA REVISED STATUTES

A.R.S. §12-120.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.R.S. §13-1201(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

A.R.S. §13-1203(A)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

A.R.S. §13-1204(A)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

A.R.S. §13-4031 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.R.S. §13-4033 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.R.S. §13-4037(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

ARIZONA RULES OF CRIMINAL PROCEDURE

Rule 20

ARIZONA RULES OF EVIDENCE

Rule 702

UNITED STATES CONSTITUTION

5th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 19,28

6th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 24

14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 19, 24, 28

ARIZONA CONSTITUTION

Article II, §4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,19, 25, 28

Article II, §24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 25

vi

## STATEMENT OF THE CASE

Richard Richards, Appellant, was involved in a struggle with two police officers (Steve Huber and Shawn Sallaway), in which one officer's gun was discharged into the ground. As a result, Richards was charged by indictment with attempted murder in the first degree, two counts of aggravated assault with a deadly weapon against a peace office, endangerment, and resisting arrest. ROA 1-2. At the conclusion of his first trial, Richards was convicted of one count of aggravated assault (Huber), and resisting arrest. The jury could not reach a unanimous decision on the other charges. Richards' *pro se* motion for a new trial on the convicted counts was granted, and a second trial was held.

At the second trial, Richards was convicted of attempted murder in the second degree (a lesser offense of attempted first degree murder), and the four remaining counts in the indictment. He was sentenced to mitigated terms of imprisonment on each count; however, the trial court ordered that the terms imposed as to each victim run consecutive to the terms imposed as to each of the other victims, for a total of 31 years.[1]

---

[1]Richards was sentenced as follows: Count One, Attempted Second Degree Murder, 14 years; Count Two, Aggravated Assault With a Deadly Weapon Against Peace Officer Huber, 14 years; Count Three Aggravated Assault With a Deadly Weapon Against Peace Officer Sallaway, 14 years; Count Four, Endangerment of Sandra Hammonds, three years; and Count Five, Resisting Arrest, one year. Count three was ordered to run consecutive to count two, and count four was ordered to run consecutive to count three. ROA 636-640.

ROA 634.[2]  This is an appeal from the judgment and sentence entered against Richards following that jury trial.

A Notice of Appeal was timely filed on August 4, 1999.  ROA 642. This court has jurisdiction pursuant to A.R.S. §§12-120.21, 13-4031 and 13-4033.

## STATEMENT OF FACTS

Two years before Richards' arrest on the instant charges, he fell 30 feet from a cliff while working as a firefighter, and suffered severe injuries to his head and body.  *See* pre-sentence report.  As a result, Richards suffers from permanent brain damage.  Prior to trial, Dr. Robert Crago, a licensed psychologist and Clinical Director of Neurobehavioral Health Services in Tucson, conducted a quantitative electroencephalogram (QEEG) on Richards. ROA 483-84.   QEEG is a computer-enhanced electroencephalogram which compares a patient's brain activity with that of normally functioning brains.  The test requires the use of a database on which to compare the "brain map" of the patient. *Id.*  In Richards' case, the testing was done with the use of a newly developed database.  The new database, 20 years in development, consisted of over 15,000 subjects. *Id.*  According to the report by Dr. Crago, the results of the QEEG analysis "suggest very strongly and at a very high probability level, that Mr. Richards is still suffering from residuals of a closed head injury

_____

[2]ROA refers to the record on appeal.